UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

VICTOR MANUEL CELORIO,

    Plaintiff,
v.

GOOGLE, INC., a Delaware corporation,
registered in Florida, ON DEMAND
BOOKS, LLC., a Delaware corporation,
JASON EPSTEIN, New York citizen,
John Doe 1, John Doe 2 and John Doe 3.

    Defendant.
_____/

CASE NO. 1:11-CV-79-SPM/GRJ
**Dispositive Motion**

**MOTION TO DISMISS AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, GOOGLE INC. ("Google"), by and through its undersigned counsel, pursuant to FED. R. CIV. P. 12(b)(6), hereby moves to dismiss Count I and Count II of the Amended Complaint of VICTOR MANUEL CELORIO ("Plaintiff"), and in support thereof states:

**Summary of Argument & Facts**

Count I and Count II of the Amended Complaint (the "Counts") are vague and ambiguous on critical points. For example, although captioned "Contributory Infringement Against Google," as best understood, Count I alleges both *direct* and *indirect* infringement of U.S. Patent No. 6,012,890 (the "Asserted Patent"), a *conspiracy* to commit infringement, and violation of five separate statutory sections, *to wit*, 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), (Am. Compl., ¶20), while Count II, entitled "Direct Infringement Against Google," identifies the <u>same</u> five statutory sections as recited in Count I, including subsections that concern *indirect* infringement. Am. Compl., ¶35.

Moreover, Count I and Count II are redundant, and non-specific as to the acts alleged to constitute infringement.  And Count I and II each seem to allege the statutory violations with respect to the same eighty-two (82) separate claims of the patent.  In its totality, the claims against Google seem to be a hodgepodge of theories and allegations which are so convoluted that Google cannot reasonably prepare a response.

To the extent it is understood by Google, Counts I and II of the Amended Complaint fail to state a cause of action under 35 U.S.C. §§ 271(a), (b), (c), (f) or (g) and must be dismissed because they allege patent infringement without sufficient factual support to satisfy the minimum pleading threshold.  The Amended Complaint makes mere threadbare recitations of the elements of these causes of action, without the factual support required to make the counts *plausible*.  Accordingly, the Amended Complaint must be dismissed.

To the extent the Amended Complaint alleges claims of contributory infringement, those claims must be dismissed.  The allegations of contributory infringement are particularly remarkable in view of Plaintiff's admission (in the Amended Complaint) that the Accused Google E-Books are suitable for substantial noninfringing uses—and, only (somehow) lose that condition when "transferred to the ODB equipment." Am. Compl., ¶27.  Because the Accused Google E-Books are suitable for substantial noninfringing use, Counts I and II—to the extent they allege 'contributory infringement'—must be dismissed.

Further, to the extent the Amended Complaint alleges infringement <u>at all</u> resulting from the use of the Accused Google E-Books (and to the best of Google's understanding of the Amended Complaint, <u>all</u> of the claims against Google do), it must be dismissed.

As best understood, Plaintiff alleges that Google infringes the Asserted Patent by providing PDF files (containing nothing more than raster images, *i.e.,* photograph-like images) of the pages of public domain books (hereinafter, "Accused Google E-Books") to machines that can print those books, such as machines made by Defendant On Demand Books, LLC ("ODB"). The very first page of the patent specification (the background of the invention), however, explains that the use of raster images to make books on demand was known prior to the defendant's invention. *See* Amended Complaint, Exhibit A, Col. 2, ll. 12-17. Because the Google PDFs are raster images of the pages of a book that has already been printed, it cannot infringe, or contribute to the infringement of, the Asserted Patent. Plaintiff's mere conclusory statements are insufficient for it to level the serious, burdensome, and extremely expensive charges of infringement of the Asserted Patent. Accordingly, Counts I and II of the Amended Complaint must be dismissed.

## Argument

**I.     The Asserted Patent Does Not Cover A Device Or Method Of Printing Books From Raster Images Of The Type That Google Provides**

The Asserted Patent—entitled ELECTRONIC BOOKSTORE VENDING MACHINE—contains fifteen independent claims, and 105 claims that depend upon them.[1] The fifteen independent claims are directed to five separate types of inventions, described by the preamble of the claims themselves:

- A device for printing and binding a book;[2]
- A device for binding a book;[3]
- A system for distributing and manufacturing books;[4,5]

---

[1] Plaintiff boldly asserts that Google has infringed (directly and indirectly) every one of the fifteen independent claims, and more than sixty dependent claims.
[2] Claims 1, 5 and 6.
[3] Claims 33, 37 and 38.

3

- A method for printing and binding a book;[6, 7] and
- A method for producing and distributing books.[8, 9]

<u>None of the patent claims are directed to making electronically scanned copies of already-printed books available in PDF form</u>.  As best understood, however, the plaintiff alleges the Asserted Patent claims are infringed by printing the Accused Google E-Books on, e.g., ODB's book printing machine.

The Accused Google E-Books are PDF files containing only raster images of the physical books' pages—akin to a photograph.  Exhibit A, Declaration of Jeff Breidenbach, a Member of the Technical Staff at Google, ¶¶ 2-3.  Moreover, the Accused Google E-Books contain raster images, *i.e.,* photograph-like images, of the pages of public domain books (e.g., <u>Grimm's Fairy Tales</u> (Volume I, 1892) and Albert Einstein's <u>Relativity: The Special and General Theory</u> (1920)).  *Id.* at  ¶¶ 4-7.  In other words, the Accused Google E-Books *are a raster image (a copy) of the pages of an already printed public domain book.*

The Asserted Patent expressly identifies as prior art (i.e., not as part of the patent) a printing method using a raster image of the pages of a book, acquired by copying a book that has already been printed.  Specifically, the inventor (and *pro-se* plaintiff) wrote:

> the method disclosed in [a prior art patent for making single copies of books] … uses *a raster image (a copy) of the pages of* a book. This raster

---

[4] Claims 14, 54 and 61.
[5] Although the claim preamble for these claims do not refer to printing or binding, the claims affirmatively require printing, clamping and gluing means.
[6] Claims 21, 25 and 26.
[7] Although the claim preamble for these claims do not refer to printing or binding, the claims affirmatively require the steps of printing, clamping and applying glue.
[8] Claims 20, 68 and 75.
[9] See FN5.

4

> image is acquired by copying *a book which has already been printed*, for example in the traditional way. As is well known, a raster image (bit-map) is akin to a photograph.

Amended Complaint, Exhibit A, Col. 2, ll. 12-17 (emphasis added)  The inventor also characterized the prior art as concerning "the reproduction of books which *have already been printed* ... ."  Amended Complaint, Exhibit A, Col. 2, ll. 43-47 (emphasis added). In other words, the inventor himself distinguished what Google now does from his invention—admitting that it was in the prior art.

**II.     The Amended Complaint Does Not Plead Plausible Claims**

The Amended Complaint fails to plead any plausible claims for patent infringement against Google, direct or indirect.  Counts I and II must be dismissed because the counts rely on facts insufficient to plead the existence of direct infringement by the Accused Google E-Books, and because they rely on contributory allegations directly refuted by the facts as pled.

**A.     The Pleading Standard Under *Iqbal* and *Twombly***

Plaintiffs must plead sufficient facts that show something "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  It must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id*. at 545.

Unlike direct patent infringement, there is no form complaint in the Federal Rules of Civil Procedure for indirect infringement (*e.g.*, contributory infringement). Instead, when pleading a cause of indirect infringement, a plaintiff must comply with the standards in *Iqbal* and *Twombly*. *See Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009). To satisfy *Iqbal* and *Twombly*, a claim of indirect infringement must include facts showing how the alleged infringer has, *e.g.*, contributed to another party's direct infringement. *Sharafabadi v. University of Idaho*, 2009 U.S. Dist. LEXIS 110904 at *14 (W.D. Wash. Nov. 27, 2009). Moreover, to plausibly assert contributory infringement, a complaint must include an allegation that the alleged infringer knew that the combination for which his component was especially designed was both patented and infringing. *Mallinckrodt, Inc. v. E-Z-EM, Inc.*, 2009 U.S. Dist. LEXIS 108696 at *12 (D. Del. Nov. 20, 2009).

In *McZeal v. Sprint Nextel Corporation*, 501 F.3d 1354 (Fed. Cir. 2007), the Federal Circuit allowed a *pro se* plaintiff to avoid dismissal of <u>direct</u> infringement claim made in conformity with Form 16 (now Form 18) of the Federal Rule of Civil Procedure. Form 18, however, only provides an example of how <u>direct</u> patent infringement may be alleged, the sole patent claim advanced by the *McZeal* plaintiff. In this case, as in *Elan*, Plaintiff has asserted that Google is indirectly infringing the patent. Indirect infringement includes *additional* elements not addressed in Form 18. Accordingly, as in *Elan*, the Amended Complaint must be dismissed for failure to plead sufficient factual grounds to satisfy even the minimum pleading standards required for indirect patent infringement.

**B.  Plaintiff's Direct Infringement Claims Are Not Plausible On Their Face**

Violation of 35 U.S.C. § 271(a) is known as direct patent infringement.[10]  As such, it is confusing why this subsection is referenced in Count I, which is captioned as 'contributory infringement'.  Nonetheless, 82 of the 83 claims alleged infringed in connection with Count I are also alleged infringed in connection with Count II, which is entitled as 'direct infringement'.  However, Count II identifies violations of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g)—most of which relate to *indirect* infringement.

A critical limitation of the Asserted Patent's independent patent claims 1, 5, 6, 14, 20, 54, 61, 68 and 75 requires "a formatting means …" for formatting a book's contents.  *See* Am. Compl., Exhibit A (Columns 12-21 of the Asserted Patent).[11]  Similarly, independent patent claims 21, 25, and 26 require "formatting the book's content … ." *Id*.  Thus, in order to state a claim upon which relief can be granted for direct infringement of such patent claims, Plaintiff must allege that the content of the Accused Google E-Books can be formatted.  However, such formatting means cannot operate on raster images, such as the Accused Google E-Books.

Attached as Exhibit A, the declaration of Jeff Breidenbach, a Member of the Technical Staff at Google, states that Google only supplies the Accused Google E-Books

---

[10] A person without authority who makes, uses, offers to sell or sells the patented invention in the U.S., or imports into the United States any patented invention, during the term of the patent, is said to be a direct infringer.  *See* 35 U.S.C. § 271(a).

[11] Further, documents outside the four corners of a complaint may be considered by the Court on a motion to dismiss under certain circumstances. *Horsley v. Feldt,* 304 F.3d 1125, 1135 (11th Cir. 2002); *Maxcess, Inc. v. Lucent Technologies, Inc.,* 433 F.3d 1337, 1340 (11th Cir. 2005); *see also*, *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1281 n. 16 (11th Cir. 1999); *Hoffman-Pugh v. Ramsey,* 312 F.3d 1222, 1225 (11th Cir. 2002)(party may attach documentation to motion to dismiss without converting it into one for summary judgment.); *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010)(unpublished); *Reynolds v. Gables Residential Services, Inc.,* 428 F.Supp.2d 1260, 1263 (M.D. Fla. 2006).

to On Demand Books in a PDF format containing only raster images of the physical books' pages—akin to a photograph. Exhibit A, ¶¶ 2-3. Based on the raster nature of the Accused Google E-Books, infringement by Google is not possible. Indeed, the Asserted Patent distinguishes the patented invention from the printing of raster image books. Specifically, in describing the prior art, the Asserted Patent states:

> the method disclosed in [a prior art patent for making single copies of books] … uses *a raster image (a copy) of the pages of* a book. This raster image is acquired by copying *a book which has already been printed*, for example in the traditional way. As is well known, a raster image (bit-map) is akin to a photograph.

*See* Amended Complaint, Exhibit A, Col. 2, ll. 12-17 (emphasis added).

Furthermore, independent patent claims 33, 37 and 38 lack any mention of book content, and thus are inapplicable to any Accused Google E-Books, whether sent to an ODB machine or otherwise. Plaintiffs fail to state a claim upon which relief can be granted for direct infringement of the patent claims.[12] Accordingly, direct infringement claims based on any of the asserted patent claims must be dismissed.

Counts I and II also allege that Google violates 35 U.S.C. § 271(g), *inter alia*, which provides, in pertinent part:

> Whoever without authority <u>imports into the United States or offers to sell, sells, or uses within the United States a product</u> which is <u>made by a process patented in the United States</u> shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent. …

---

[12] The dependent patent claims, which incorporate all of the limitations of their corresponding independent claims, cannot be held to infringe since the independent claim is not infringed. *See Dahl v. Swift Distributions, Inc.*, 757 F.Supp.2d 976, 981 (C.D. Cal. 2010) ("A product that does not infringe an independent claim cannot literally infringe a claim that is dependent on that independent claim."). In other words, because the Accused Google E-Books does not contain all the limitations of the independent claims, the accused electronic books cannot infringe the dependent patent claims.

(emphasis added).  Thus, subsection 271(g) makes it unlawful (subject to additional statutory limitations) to import or sell a product made by an infringing process.  The Amended Complaint lacks any allegation that Google either imports or sells any product (*e.g.,* a book) made by an infringing process.  Therefore, Plaintiff's claims under § 271(g) must be dismissed.

### C. Allegations Of Contributory Infringement Are Not Plausible

Counts I and II allege that Google infringes the Asserted Patent, among other ways, under § 271(c).  Title 35 U.S.C. § 271(c), in pertinent part, sets forth the elements of contributory patent infringement:

> Whoever offers to sell or sells within the United States … a material … for use in practicing a patented process, constituting a <u>material part of the invention</u>, <u>knowing</u> the same to be especially made or <u>especially adapted for use in an infringement</u> of such patent, and <u>not a staple article or commodity of commerce suitable for substantial noninfringing use</u>, shall be liable as a contributory infringer.

(emphasis added).  As such, a cause of action under § 271(c) requires pleading of non-conclusory factual allegations that show, among other things: (i) the component or material is a material part of the invention; (ii) the contributory infringer knew that the component or material was especially made or especially adapted for use in an infringement; and (iii) the component or material is not a staple article or commodity of commerce suitable for substantial noninfringing use.

As the Supreme Court and Federal Circuit have noted, "[w]hen a charge of contributory infringement is predicated entirely on the sale of an article of commerce that is used by the purchaser [allegedly] to infringe a patent, the public interest in access to

that article of commerce is necessarily implicated."[13]  In circumstances where an *unpatented component* is alleged to be capable of use in infringing a patented method claim, and the unpatented component has at least one substantial non-infringing use, the sale of the unpatented component will not result in liability for contributory infringement, although it could result in liability for inducing infringement *if* the seller encourages buyers to use the product in an infringing fashion.  *Id*. at 675.  "Unless a commodity "has no use except through practice of the patented method, … the patentee has no right to claim that its distribution constitutes contributory infringement."  *Sony Corp.*, 464 U.S. at 441 (quoting *Dawson Chemical Co. v. Rohm & Hass Co.*, 448 U. S. 176, 198 (1980)).

In addition to relying on § 271(c), Plaintiff quotes 35 U.S.C. § 271(f) in Paragraph 28 of the Amended Complaint.  Subsection 271(f) contains several requirements that are common to § 271(c) and is generally directed to acts committed within the United States that induce or contribute to infringement outside the United States.  As with other indirect infringements, the pleading is required to plausibly set out the claim.  As discussed above, mere parroting of the statutory language is insufficient.  Accordingly, the claims of indirect infringement under § 271(f), as with the claims under § 271(c), must be dismissed.

    **1.    The Amended Complaint Fails to Allege Any Knowledge
         Of Special Adaptation for Infringement**

Plaintiff's claims for contributory infringement are defective.  In order to allege contributory infringement, Plaintiff would not only have to allege the *facts* supporting his

---

[13] *CR Bard, Inc. v. Advanced Cardiovascular Systems*, 911 F. 2d 670, 675 (Fed. Cir. 1990) (quoting *Sony Corp. v. Universal City Studios*, Inc., 464 U.S. 417, 440 (1983) (finding that home video tape recorders are capable of substantial non-infringing uses under the Copyright Act, and thus Sony's sale of such equipment to the general public does not constitute contributory infringement of respondents' copyrights)).

three threadbare conclusions, namely, that the Accused Google E-Books (i) is a material part of the claimed invention; (ii) is not a staple article of commerce, and (iii) has no substantial noninfringing use, but Plaintiff would also have to allege facts supporting the statutory requirements that Google knew was especially adapted for infringement.  As § 271(c) requires that the violator knows that the component is "especially made or especially adapted" for infringement, Subsection 271(f)(2) also requires that the violator knows that the component is so made or adapted.

Plaintiff has failed to allege any facts showing it plausible that Google knew the Accused Google E-Books was especially adapted for infringement.  A plaintiff must plead in its complaint facts that show plausible grounds for the claim, *i.e.*, facts showing something more than a sheer possibility.  Although the Amended Complaint parrots the statutory language alleging Google knows its Accused Google E-Books are especially made or adapted for infringement, the Amended Complaint fails to allege such knowledge in a manner sufficient to meet the "plausibly" standard required in Federal pleading.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  As Counts I and II do not meet this standard, Plaintiff's indirect infringement claims should be dismissed.

  **2.**  **The Amended Complaint Itself Refutes the Alleged Lack of Substantial Noninfringing Uses**

The Amended Complaint also fails to satisfy the required level of pleading to sustain other required elements set forth in §§ 271(c) and (f).  To be actionable under either subsection, an *unpatented component* must not be suitable for substantial noninfringing uses.  Here Google is accused of making available electronically scanned books, *i.e.* the Accused Google E-Books.  Plaintiff, however, admits that the Accused

11

Google E-Books are suitable for substantial noninfringing.  Count I contends that the Accused Google E-Books "looses [sic] its condition" of being a staple article of commerce suitable for substantial noninfringing use only when it is transferred to certain ODB equipment.  Am. Compl., ¶ 27.  Taken to its logical conclusion, Plaintiff's theory would also make the paper manufacturer a contributory infringer because the paper being used "looses [sic] its condition" of being a staple article of commerce when it goes into the ODB equipment.  Such a result is at odds with the law.

Because the unpatented Accused Google E-Books are capable of commercial non-infringing use, the charge of contributory infringement cannot stand.  Accordingly, Plaintiff's claims under either 35 U.S.C. §§ 271(c) and 271(f)(2) must be dismissed.

### D.  Allegations Of Induced Infringement Are Not Plausible

"A person induces infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement."  *CR Bard, Inc. v. Advanced Cardiovascular Systems*, 911 F. 2d 670, 675 (Fed. Cir. 1990). "[P]roof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement."  *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990).

While Plaintiff recites the language of the statute, the only factual allegations made concerning inducement seem to imply that Google's process of indexing content in the Accused Google E-Books so that users can find it by doing a general search on the Internet.  *See* Am. Compl., ¶22.  While it is alleged that "[t]his is precisely the process that GOOGLE induces to infringe … via its webpages," it is not clear as to what acts are alleged to constitute inducement.  Indeed, it is impossible from the Amended Complaint

to determine whether the allegedly infringing act relates to Google's process of indexing induced infringement or Google's providing general search capabilities.[14]  As a result, induced infringement is insufficiently pled to show something "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

      Moreover, the Amended Complaint fails to allege the necessary prerequisite of actual intent to cause the acts that constitute the infringement.  *See Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990); *see also Mallinckrodt, Inc. v. E-Z-EM, Inc.*, 2009 U.S. Dist. LEXIS 108696 at *11-12 (D. Del. Nov. 20, 2009)  (the alleged inducer must have specifically intended to induce infringement).  It is difficult to understand why Plaintiff would fail to allege actual intent unless he lacked any factual basis to make that allegation.  A plaintiff must plead in its Complaint *facts* that show plausible grounds for the claim, *i.e.*, facts showing something more than a sheer possibility.  Counts I and II do not meet this standard for the inducement to infringe claims, and thus the Counts should be dismissed as such claims.

---

[14] Notably, there is nothing in the patent claims about either of these activities.

## CONCLUSION

For the foregoing reasons, Google respectfully requests an Order dismissing Plaintiff's Amended Complaint, and granting such other and further relief deemed necessary.

Dated: September 6, 2011.

                                                Respectfully submitted,

                                                **GREENBERG TRAURIG, P.A.**

                                                **/s/Stephen J. Leahu**
                                                Adam B. Landa (landaa@gtlaw.com)
                                                Florida Bar No. 0036016
                                                Gregory W. Herbert (herbertg@gtlaw.com)
                                                Florida Bar No. 0111510
                                                Stephen J. Leahu (leahus@gtlaw.com)
                                                Florida Bar No.: 0054037
                                                450 S. Orange Avenue, Suite 650
                                                Orlando, Florida 32801-3371
                                                Telephone:  (407) 420-1000
                                                Facsimile:  (407) 841-1295
                                                  *Attorneys for Google, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on 6th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I FURTHER CERTIFY that I delivered by U.S. mail the foregoing document and the notice of electronic filing to the non-CM/ECF participants:

Victor Manuel Celorio
12300 NW 56th Avenue
Gainesville, Florida 32653

**s/Stephen J. Leahu**