THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VICTOR MANUEL CELORIO,

        Plaintiff,

v.                                  Case No.  1:11-cv-79-SPM-GRJ

GOOGLE INC., ON DEMAND BOOKS, LLC,
JASON EPSTEIN, AND JOHN DOES 1-3,

        Defendants.

_____,

**REPORT & RECOMMENDATION**

      Pending before the Court is Defendant Google Inc.'s Motion to Dismiss Amended Complaint.  (Doc. 23.)  Plaintiff filed a Response in Opposition (Doc. 30) to Defendant Google Inc.'s motion to dismiss and therefore the motion is ripe for review.  For the reasons discussed below, it is recommended that the motion to dismiss be **DENIED.**

**I. BACKGROUND**

      Plaintiff Victor Manuel Celorio, proceeding *pro se*, holds U.S. Patent No. 6,012,890 (the "'890 Patent").  The '890 Patent, titled ELECTRONIC BOOKSTORE VENDING MACHINE was issued January 11, 2000 and claims an apparatus, method, and a system for efficiently distributing electronic books into paper books printed on-demand and perfect bound at a point of sale."  (Doc. 13, p. 5.)  Plaintiff describes his invention as a vending machine where consumers can have electronic books printed and bound on demand.  (*Id.*).

      Defendant On Demand Books LLC, which prevailed on a motion to dismiss for lack of jurisdiction (Doc. 41), sells the Espresso Book Machine, a machine that prints books on demand.  Defendant Google Inc. operates an online service called Google

Books, where internet users can access electronic books.  Visitors to Google Books can also purchase a hard copy of the electronic book to be printed at an Espresso Book Machine located at bookstores, libraries, and other locations where the machines are operated.  Customers select from an online directory of Espresso Book Machine retailers and complete the purchase through the individual retailers.  Google and On Demand Books have a contractual agreement whereby Google electronic files can be printed on Espresso Book Machines.  Google also leases an Espresso Book Machine for use in its California offices.  (Doc. 13.)

On April 27, 2011, Plaintiff filed this lawsuit alleging infringement of the '890 Patent by Google, On Demand Books, On Demand Books corporate officer Jason Epstein, and John Doe 1-3.  (Doc. 1.)  On July 21, 2011, Plaintiff filed an Amended Complaint.  (Doc. 13.)  The Amended Complaint alleges that Google:

- Directly infringes "out of his premises in California" by installing one or more Espresso Book Machines in its offices, where a user can request a book be downloaded and printed on demand.

- Commits contributory infringement because it offers to sell and sells electronic books, which are component of a patented device and apparatus.

- Commits contributory infringement by transferring its files to Espresso Book Machines, knowing the files will be transformed into a physical book using the '890 Patent without permission.

- Induces infringement "by promoting and encouraging the purchase of electronic books to [be] printed on demand" by Espresso Book Machines.

- Induces infringement by virtue of Google Books' ability to provide searches of indexed book content.

(*Id.* at pp. 8-17.)

The claims against On Demand and Mr. Epstein were dismissed for lack of jurisdiction.  (Docs. 22, 38, 41.)  Google has moved to dismiss Counts I and II of the

amended complaint for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). Google argues that the Amended Complaint: 1) does not plead plausible claims; and 2) does not cover a device or method of printing books from raster images of the type that Google provides.  (Doc. 23.)  In his response, Plaintiff maintains that he has sufficiently pleaded his patent infringement claims.  Plaintiff contends that Google's description of the file format of its electronic books is incorrect and that the file specifications for his book printing machines "are met by the PDF files the Defendants [sic] admits they use to store and transmit the e-books." (Doc. 30, p. 12.)

## II.  STANDARD OF REVIEW

For the purposes of the motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiffs, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *See, e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007), *Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1532, 1534 (11th Cir. 1994).  The Court must limit its consideration to the complaint and written instruments attached as exhibits.  FED. R. CIV. P. 10(c); *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).  In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).

"Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds).

### III.  DISCUSSION

The Federal Circuit has held that a patentee claiming infringement need only: "(1) allege ownership of the asserted patent; (2) name each individual defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendants allegedly infringe; and (5) point to the specific sections of patent law invoked." *Mesh Comm. LLC v . EKA Sys., Inc.,* No. 809-cv-1064-T-33TGW, 2010 WL 750337, 2010 U.S. Dist. LEXIS 19452, at *4 (M.D. Fla. Mar. 4, 2010) (citing *McZeal Corp. v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir. 2007) (holding that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend"); *see also Phonometrics, Inc. v. Hospitality Franchise Sys.,* 203 F.3d 790, 794 (Fed. Cir. 2000).  These elements mirror those in Form 18 of the Federal Rules of Civil Procedure.  "In analyzing claims arising under the Patent Act, the Court is bound by decisions of the U.S. Court of Appeals for the Federal Circuit." *Gelsomino v. Horizon Unlimited, Inc.,* No. 07-80697-CIV, 2008 U.S. Dist. LEXIS 68907, at *6 (S.D. Fla. 2008).

**Pleading Requirements for Direct and Indirect Infringement post-*Iqbal***

Plaintiff asserts claims of both direct and indirect (e.g., contributory) infringement. Google argues, and some district courts have agreed, that the pleading standard

outlined by the Federal Circuit in *McZeal* is applicable to direct infringement claims, but the pleading requirements for indirect infringement claims is heightened because these claims include additional elements not addressed in Form 18.  *See, e.g., Elan Microelectronics Corp. v. Apple, Inc.,* 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) (holding that when pleading a cause of indirect infringement, a plaintiff must comply with the standards in *Iqbal* and *Twombly*).  Google also argues, in line with the *Elan* decision, that Plaintiff's infringement claims–both direct and indirect–should be analyzed under (and fail to meet) the plausibility standard set in *Iqbal.*  (Doc. 23); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

   Other district courts, however, including those in the Eleventh Circuit, have declined to find a difference in the pleading standards for direct and indirect infringement claims.  *See Mesh Comm. LLC v . EKA Sys., Inc.,* No. 809-cv-1064-T-33TGW, 2010 WL 750337, 2010 U.S. Dist. LEXIS 19452, at *4 (M.D. Fla. 2010) (using the Form 18 elements to find that a plaintiff's claims for direct and indirect infringement did not warrant dismissal); *Minsurg Intern., Inc. v. Frontier Devices, Inc.,* No. 810-cv-1589-T-33-EAJ, 2011 WL 1326863 (M.D. Fla. 2011) (rejecting defendants' argument that indirect infringement was insufficiently pled, where the complaint asserted allegations similar to those approved by Form 18); *CBT Flint Partners, LLC v. Goodmail Systems, Inc.,* 529 F. Supp. 2d 1376 (N.D. Ga. 2007) (holding that *Twombly* did not alter the pleading standard for patent infringement claims and that specificity greater than that found in Form 18 was not required for indirect infringement claims); *Sikes Cookers & Grill, Inc. v. Vidalia Outdoor Products, Inc.,* 2009 WL 427227 (N.D. Ga. 2009) (holding that a patentee's claims for direct and indirect infringement were sufficiently pled using the

Form 18 elements). These decisions post-*Twombly* and in some cases post-*Iqbal* did not hold patent pleadings to a heightened standard in light of those Supreme Court decisions.

Analysis

In his Amended Complaint, considering only the claims against Google, Plaintiff has alleged that: (1) he owns the '890 Patent; (2) Google, On Demand Books, Jason Epstein, and John Doe 1-3 are the individual defendants; (3) the '890 Patent was infringed; (4) Google infringed the patent by installing and using an Espresso Book Machine in its California offices, by selling and offering to sell books printed on demand, and by providing electronic books to be printed on Espresso Book Machines; and that Google's actions invoke, *inter alia,* 35 U.S.C. § 271. (Doc. 13.) These allegations are in conformity with Form 18 and the holding in *McZeal*. The undersigned agrees with other district courts in the Eleventh Circuit who have, in the absence of additional authority from the Federal Circuit, applied *McZeal* to direct and indirect infringement claims without incorporating additional pleading requirements. Accordingly, the undersigned concludes that Plaintiff has sufficiently pleaded his Amended Complaint to avoid dismissal for failure to state a claim. Furthermore, a resolution of the parties' dispute over the format of the electronic book files, as raised in the motion to dismiss and response in opposition, is not appropriate at this state in the litigation on a motion to dismiss.

IV. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the Motion To

Dismiss Amended Complaint (Doc. 23) should be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, this 23rd day of May, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.