UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VICTOR MANUEL CELORIO,

       Plaintiff,
v.                                         Case No. 1:11-cv-79-SPM-GRJ

GOOGLE INC., et al.,

       Defendants.
_____/

## O R D E R

Pending before the Court is Plaintiff's Motion To Supplement Exhibits in Plaintiff's Motion For Summary Judgment. (Doc. 129.) Defendant Google, Inc. has filed an opposition to the motion (Doc. 130) and therefore the motion is ripe for review.

Plaintiff requests permission to supplement his motion for summary judgment by filing exhibits CCC, DDD, and EEE, as supplements to exhibits F, K, and BBB filed with Plaintiff's motion for summary judgment. The exhibits, which Plaintiff seeks to file, consist of three web pages concerning the Espresso Book Machine and several newspaper web pages. Defendant Google objects on the grounds that the evidence Plaintiff now wishes to submit is not admissible and therefore should not be considered on summary judgment.

Without detailing the many evidentiary hurdles a litigant must comply with when web pages are filed to support or oppose a motion for summary judgment (i.e. authenticity, hearsay, etc.)[1] these issues are more properly addressed by the Court

---

[1] *See, e.g. Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 554 (D. Md. 2007)(counsel attempting to authenticate exhibits containing information from internet websites need to address a number of concerns including what was actually on the website; does the exhibit accurately reflect it; and if so, is it attributable to the owner of the site).

when ruling on the motion for summary judgment rather than when ruling on a motion for leave to supplement. The Court will, therefore, grant Plaintiff leave to supplement the record with the exhibits attached to his motion. The Court will leave for another day the issue of whether any of these exhibits should be considered by the Court from an evidentiary standpoint in resolving the pending motions for summary judgment.

So that the Plaintiff, who is proceeding *pro se,* will have an opportunity to address any evidentiary problems, the Court will permit Plaintiff to supplement the record with any affidavits or other matters he deems necessary to demonstrate a foundation for the admissibility of these exhibits. Any such materials must be filed by **January 7, 2013.** In the event Plaintiff files any further materials to demonstrate the admissibility of these exhibits, Defendant may file a response within seven days of the date of service of any such filings. No further briefing or filing will be permitted.

Accordingly, upon due consideration, it is **ORDERED:**

1. Plaintiff's Motion To Supplement Exhibits in Plaintiff's Motion For Summary Judgment. (Doc. 129) is **GRANTED.** The exhibits attached to Plaintiff's motion shall be deemed filed as part of Plaintiff's motion for summary judgment.

2. Plaintiff may file affidavits or other materials by **January 7, 2013** to demonstrate the admissibility of these exhibits. In the event Plaintiff files any affidavits to demonstrate the admissibility of these exhibits, Defendant may file a response within seven days of the date of service of such additional materials addressing the issue of the admissibility of these exhibits.

**DONE AND ORDERED** this 19th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge