# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Victor Manuel CELORIO, *PRO SE* Plaintiff, -against- GOOGLE, INC., et all. DEFENDANTs. | Gainesville Division  1:11-CV-79-RV/GRJ  Jury Trial Requested |

**Plaintiff Celorio Opposition to Defendants Motion for Taxation of Costs**

1.  Plaintiff Celorio, *Pro se*, respectfully moves this court to deny the Defendant's Motion for Taxation of Costs under Rule 68 of the Federal Rule of Civil Procedure.

2.  The Defendant filed said motion in violation of the Rule 11(b)(1)(2) of the Federal Rules of Civil Procedure, since the Defendant is fully aware that the United States Supreme Court, in *Delta Air Lines, Inc. v. August.* 450 U.S. 346 (1981), made perfectly clear that the attachment of costs under rule 68 of the Federal Rule of Civil Procedure would apply only in case the plaintiff had won the case, but received a judgment for an amount less than the one offered by Defendant.

3.  The issue in *Delta Air Lines* was whether a defendant could use Rule 68 cost shifting against a plaintiff who lost at trial. The Court held that Rule 68 applied only to a winning plaintiff, because a losing plaintiff, even though failing to improve on the offer, was not a party who "finally obtained a judgment" within the meaning of Rule 68. (See attachment).

    *"Held:* Federal Rule of Civil Procedure 68 -- which provides that, if a

1

Filed1112*13UsDcFln1PM0113

plaintiff rejects a defendant's formal settlement offer "to allow judgment to be taken against him," and if "the judgment finally obtained by the offeree is not more favorable than the offer," the plaintiff "must pay the costs incurred after the making of the offer" -- does not apply to a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror." Pp. *Delta Air Lines, Inc. v. August.* 450 U. S. 350-361.

See also *HESCOTT v. City of Saginaw,* Dist. Court, ED Michigan 2013 "In that case, the Supreme Court held Rule 68 did not apply "because it was the defendant," and not the plaintiff, "that obtained the judgment.""

See also *Broussard v. MARTIN OPERATING PARTNERSHIP,* La: Court of Appeals, 3rd Circuit 2012 "Veoh can recover Rule 68 costs only if it is not a prevailing defendant." "the Supreme Court held that Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff," and "therefore is simply inapplicable [where] it was the defendant that obtained the judgment."

See also *Goldberg v. Pac. Indem. Co.,* 627 F.3d 752, 755 (9th Cir.2010) ("Rule 68 does not allow a defendant to recover costs when judgment is entered in the defendant's favor.").

See also *IN RE LAFRANCHISE, Bankr. Court,* D. Massachusetts 2012 "[T]he plain language of Rule 68 confines its effect to...[a] case... in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer."

See also *Dell v. Board of Educ.,* 918 F. Supp. 212 - Dist. Court, ND Illinois 1995 "Rule 68 requirement that plaintiff pay costs incurred after the making of an offer by defendant to have judgment taken against him, if plaintiff rejects that offer and subsequently wins less favorable judgment, does not apply where judgment is entered against plaintiff-offeree and in favor of defendant-offeror."

See also *Hercules, Inc. v. AIU Ins. Co.,* 784 A. 2d 481 - Del: Supreme Court 2001 "—the United States Supreme Court ruled that where, as here, the plaintiff obtains no judgment from the defendant seeking costs (ie, judgment is for the defendant), Rule 68 does not apply"

See also *Ruminer v. General Motors Corporation,* Dist. Court, ED Arkansas

> 2006 "The rule has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. "
>
> See also *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F. 3d 719 - Court of Appeals, 7th Circuit 2000 "—the Court held that Rule 68 costs are available only to a plaintiff who obtains judgment in her favor, but recovers less than the settlement offer."
>
> See also *Warr v. Williamson*, 195 SW 3d 903 - Ark: Supreme Court 2004 "As the Supreme Court noted in *Delta Air Lines*, the general rule of discretion established in Rule 54(d) is best protected by limiting the application of Rule 68 "only to offers made by the defendant and only to judgments obtained by the plaintiff.""

4. The Defendant made this motion in bad faith because as a lawyer with more that twenty years of experience, he is fully aware that Rule 68 does not apply to the instant case.

5. The fact that the Defendant decided to file the motion at all, is further evidence that the Defendant believes the rules do not apply to him and that the court will not hold him accountable for even the most outrageous behavior and conduct.

6. Plaintiff submits respectfully, that the Defendants motion be denied.

7. Furthermore, that the motion be denied with prejudice for being in violation of the Rule 11 of the Federal Rules of Civil Procedure, and thus be subject to any sanctions the court may find appropriate under its inherent power and under Rule 11(3) of the Federal Rules of Civil Procedure.

Respectfully submitted this 12th day of November, 2013.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Victor Manuel CELORIO, *PRO SE* Plaintiff, -against- GOOGLE, INC., et all. DEFENDANTs. | Gainesville Division 1:11-CV-79-SPM/GRJ Jury Trial Requested |

## CERTIFICATE OF SERVICE

I, Victor Celorio, do hereby CERTIFY that a true and correct copy of the foregoing has been furnished via US First Class Mail, on the 12th day of November, 2013, to:

Adam B. Landa
Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801

LandaA@gtlaw.com

*Plaintiff:*

*PRO SE*
*VICTOR MANUEL CELORIO*
*12300 NW 56TH AVE*
*GAINESVILLE, FL. 32653*
*352 332 1311*
*vc7@instabook.net*

4

450 U.S. 346

101 S.Ct. 1146

67 L.Ed.2d 287

DELTA AIR LINES, INC., Petitioner,

v.

Rosemary AUGUST.

No. 79-814.

*Argued Nov. 12, 1980.*
*Decided March 9, 1981.*

### Syllabus

*Held:* Federal Rule of Civil Procedure 68—which provides that if a plaintiff rejects a defendant's formal settlement offer "to allow judgment to be taken against him," and if "the judgment finally obtained by the offeree is not more favorable than the offer," the plaintiff "must pay the costs incurred after the making of the offer"—does not apply to a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror. Pp. 350-361.

(a) This interpretation is dictated by Rule 68's plain language—"judgment finally obtained by the offeree . . . not more favorable than the offer"—which confines the Rule's effect to a case in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer. Moreover, because the Rule contemplates that a "judgment taken" against a defendant is one favorable to the plaintiff, it follows that a judgment "obtained" by the plaintiff is also a favorable one. Pp. 350-352.

(b) Such interpretation of Rule 68 is also consistent with the Rule's purpose to encourage the settlement of litigation, since the Rule provides an inducement to settle those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. It could not have been reasonably intended on the one hand affirmatively to grant the district judge discretion to deny costs to the prevailing party under Rule 54(d)—which provides that costs shall be allowed to the prevailing party unless the trial court otherwise directs—and then on the other hand to give defendants and only defendants—the power to take away that discretion by performing a token act of making a nominal settlement offer. In both of the situations in which Rule 68 does not apply— judgments in the defendant's favor or in the plaintiff's favor for an amount greater than the settlement offer—the trial judge retains his Rule 54(d) discretion. Rule 68's plain language makes it unnecessary to read a requirement into the Rule that only a reasonable settlement offer triggers the rule. A literal interpretation avoids the problem of sham offers, because such an offer will serve no purpose, and a defendant will be encouraged to make only realistic settlement offers. Pp. 352-356.

(c) The above interpretation of Rule 68 is further compelled by its history—the state rules upon which the Rule was modeled, the cases interpreting those rules, and the view of the commentators, including the members of the Advisory Committee. Pp. 356-361.

7 Cir., 600 F.2d 699, affirmed.

E. Allan Kovar, Chicago, Ill., for petitioner.

Susan M. Vance, Chicago, Ill., for respondent.

Elinor H. Stillman, Washington, D. C., for the United States, as amicus curiae, by special leave of Court.

Justice STEVENS delivered the opinion of the Court.

    « up  Pursuant to Rule 68 of the Federal Rules of Civil Procedure, if a plaintiff rejects a defendant's formal settlement er, and if "the judgment finally obtained by the offeree is not more favorable than the offer," the plaintiff "must pay the costs incurred after the making of the offer."1 The narrow question presented by this case is whether the words "judgment finally obtained by the offeree" as used in that Rule should be construed to encompass a judgment *against* the offeree as well as a judgment *in favor of* the offeree.

2    Respondent Rosemary August (plaintiff) filed a complaint against petitioner Delta Air Lines, Inc. (defendant), alleging that she had been discharged from her position as a flight attendant solely because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. She sought reinstatement, approximately $20,000 in backpay, attorney's fees, and costs. A few months after the complaint was filed, defendant made a formal offer of judgment to plaintiff in the amount of $450.2 The offer was refused, the case was tried, and plaintiff lost. The District Court entered judgment in favor of defendant and directed that each party bear its own costs. Defendant then moved for modification of the judgment, contending that under Rule 68 the plaintiff should be required to pay the costs incurred by defendant after the offer of judgment had been refused. The District Court denied the motion on the ground that the $450 offer had not been made in a good-faith attempt to settle the case and therefore did not trigger the cost-shifting provisions of Rule 68.3 The Court of Appeals affirmed on the same ground. 600 F.2d 699 (CA7 1979), holding that Rule 68 applied only if the defendant's settlement offer was sufficient "to justify serious consideration by the plaintiff."4

3    In finding a reasonableness requirement in the Rule, the Court of Appeals did not confront the threshold question whether Rule 68 has any application to a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror. Our resolution of the case, however, turns on that threshold question. The answer is dictated by the plain language, the purpose, and the history of Rule 68.

4    * Rule 68 prescribes certain consequences for formal settlement offers made by "a party defending against a claim."5 The Rule has no application to offers made by the plaintiff. The Rule applies to settlement offers made by the defendant in two situations: (a) before trial, and (b) in a bifurcated proceeding, after the liability of the defendant has been determined "by verdict or order or judgment." In either situation, if the plaintiff accepts the defendant's offer, "either party may then file the offer . . . and thereupon the clerk shall enter judgment." If, however, the offer is not accepted, it is deemed withdrawn "and evidence thereof is not admissible except in a proceeding to determine costs." The plaintiff's rejection of the defendant's offer becomes significant in such a proceeding to determine costs.6

5    Under Rule 54(d) of the Federal Rules of Civil Procedure, the party prevailing after judgment recovers costs unless the trial court otherwise directs.7 Rule 68 could conceivably alter the Rule 54(d) presumption in favor of the prevailing party after three different kinds of judgments are entered: (1) a judgment in favor of the defendant; (2) a judgment in favor of the plaintiff but for an amount less than the defendant's settlement offer; or (3) a judgment for the plaintiff for an amount greater than the settlement offer. The question presented by this case is which of these three situations is described by the words "judgment finally obtained by the offeree . . . not more favorable than the offer."

6    Obviously those words do not encompass the third situation—a judgment in favor of the offeree that is *more favorable* than the offer. Those words just as clearly do encompass the second, for there can be no doubt that a judgment in favor of the plaintiff has been "obtained by the offeree." But inasmuch as the words "judgment . . . obtained by the offeree"—rather than words like "any judgment"—would not normally be read by a lawyer to describe a judgment in favor of the other party, the plain language of Rule 68 confines its effect to the second type of case—one in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer.

7    This reading of the plain language of the Rule is supported by other language contained in the Rule. The Rule applies when the defendant offers to have "judgment . . . taken against him." Because the Rule obviously contemplates that a "judgment taken" against a defendant is one favorable to the plaintiff, it follows that a judgment "obtained" by the plaintiff is also a favorable one.

8    In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.

    II

9    Our interpretation of the Rule is consistent with its purpose. The purpose of Rule 68 is to encourage the settlement of litigation.8 In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial. Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer.9 Because costs are usually assessed against the losing party,

« up bility for costs is a normal incident of defeat. Therefore, a nonsettling plaintiff does not run the risk of suffering additional burdens that do not ordinarily attend a defeat, and Rule 68 would provide little, if any, additional incentive if it were applied when the plaintiff loses.

10   Defendant argues that Rule 68 does provide such an incentive, because it operates to deprive the district judge of the discretion vested in him by Rule 54(d). According to this reasoning, Rule 68 is mandatory, and a district judge must assess costs against a plaintiff who rejects a settlement offer and then either fails to obtain a judgment or recovers less than the offer. Therefore, nonsettling plaintiffs could not reject settlement offers in the expectation that the judge might exercise his discretion to deny the defendant costs if the defendant wins.10

11   If we were to accept this reasoning, it would require us to disregard the specific intent expressed in Rule 54(d) and thereby to attribute a schizophrenic intent to the drafters. If, as defendant argues, Rule 68 applies to defeated plaintiffs, any settlement offer, no matter how small, would apparently trigger the operation of the Rule.11 Thus any defendant, by performing the meaningless act of making a nominal settlement offer, could eliminate the trial judge's discretion under Rule 54(d). We cannot reasonably conclude that the drafters of the Federal Rules intended on the one hand affirmatively to grant the district judge discretion to deny costs to the prevailing party under Rule 54(d) and then on the other hand to give defendants—and only defendants the power to take away that discretion by performing a token act.12

12   Moreover, if the Rule operated as defendant argues, we cannot conceive of a reason why the drafters would have given only defendants, and not plaintiffs, the power to divest the judge of his Rule 54(d) discretion. See *Simonds v. Guaranty Bank & Trust Co.*, 480 F.Supp. 1257, 1261 (D.C.Mass.1979). When Rule 68 is read literally, however, it is evenhanded in its operation. As we have already noted, it does not apply to judgments in favor of the defendant or to judgments in favor of the plaintiff for an amount greater than the settlement offer. In both of those extreme situations the trial judge retains his Rule 54(d) discretion. In the former his discretion survives because the Rule applies only to judgments "obtained by the offeree"; in the latter, it survives because the Rule does not apply to a judgment "more favorable than the offer."13 Thus unless we assume that the Federal Rules were intended to be biased in favor of defendants, we can conceive of no reason why defendants—and not plaintiffs— should be given an entirely risk-free method of denying trial judges the discretion that Rule 54(d) confers regardless of the outcome of the litigation.14

13   The Court of Appeals, perceiving the anomaly of allowing defendants to control the discretion of district judges by making sham offers, resolved the problem by holding that only reasonable offers trigger the operation of Rule 68. But the plain language of the Rule makes it unnecessary to read a reasonableness requirement into the Rule. A literal interpretation totally avoids the problem of sham offers, because such an offer will serve no purpose, and a defendant will be encouraged to make only realistic settlement offers.15 The Federal Rules are to be construed to "secure the just, speedy, and inexpensive determination of every action." Fed.Rule Civ.Proc. 1. If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litigation to the defendant in the event that his gamble produces an award that is less than or equal to the amount offered. But it is hardly fair or evenhanded to make the plaintiff's rejection of an utterly frivolous settlement offer a watershed event that transforms a prevailing defendant's right to costs in the discretion of the trial judge into an absolute right to recover the costs incurred after the offer was made.16

III

14   This interpretation of the language of the Rule and its clear purpose is further compelled by the history of Rule 68. Rule 68 is an outgrowth of the equitable practice of denying costs to a plaintiff "when he sues vexatiously after refusing an offer of settlement."17 The 1938 Advisory Committee Notes to the original version of the Rule merely cited three state statutes as illustrations of the operation of the Rule.18 These three statutes, from Minnesota, Montana, and New York, mandated the imposition of costs on a plaintiff who rejected settlement offers and failed to obtain a judgment more favorable than the offer.19 All three States had other provisions, similar to Rule 54(d), providing for the recovery of costs by a prevailing party.20 Therefore the only purpose served by these state offer-of-judgment rules was to penalize prevailing plaintiffs who had rejected reasonable settlement offers without good cause.21 As defendant notes, other States have or had similar rules.22 But with one exception all of the cases cited by plaintiff, defendant, and the EEOC as *amicus* involving state cost-shifting rules were cases in which the plaintiff prevailed.23

15   The commentators, including the members of the Advisory Committee, have agreed with our interpretation of the Rule.24 At a symposium held shortly after the Rules were issued in 1938, one of the members of the Advisory Committee presented the Rule as "a means for stopping the running of costs where the defendant admits that part of the claim is good but proposes to contest the balance."25 The Advisory Committee Notes to the 1946 Amendment to the Rule indicate that the Rule was designed to "save" a defendant from having to reimburse the plaintiff for costs incurred after the offer was made and not to make mandatory the court's discretionary power to tax costs against the plaintiff in the event the defendant prevails.26 The fact that the defense bar did not develop a practice of seeking costs under Rule 68 by making nominal settlement offers is persuasive evidence that trial lawyers have interpreted

« up

16 ... Rule in accordance with its plain language.27 Thus the state rules upon which Rule 68 was modeled, the cases interpreting those rules, and the commentators' view of the Rule are all consistent with, and in fact compel, our reading of its plain language.

16 Although defendant's petition for certiorari presented the question of the District Judge's abuse of discretion in denying defendants costs under Rule 54(d), that question was not raised in the Court of Appeals and is not properly before us. We therefore affirm the judgment of the Court of Appeals.

17 *It is so ordered.*

18 Justice POWELL, concurring in the result.

19 I agree with most of the views expressed in the dissenting opinion of Justice REHNQUIST, and do not agree with the Court's reading of Rule 68. It is anomalous indeed that, under the Court's view, a defendant may obtain costs under Rule 68 against a plaintiff who *prevails in part* but not against a plaintiff who *loses entirely*.

20 I nevertheless concur in the result reached by the Court because I do not think that the terms of the offer made in this case constituted a proper offer of judgment within the scope of Rule 68.

21 * Rule 68 provides, in pertinent part:

22 "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, *with costs then accrued* " (emphasis added).

23 In Title VII cases, the scope of "costs" is defined in the statute itself. Except in unusual circumstances, Title VII requires that a prevailing plaintiff receive "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e-5(k); see *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-417, 98 S.Ct. 694, 697-698, 54 L.Ed.2d 648 (1978); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401-402, 88 S.Ct. 964, 965-966, 19 L.Ed.2d 1263 (1968). We held last Term in *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980), that a claim to an attorney's fee is not weakened if the plaintiff prevails by "settlement rather than through litigation."

24 A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party. It follows, therefore, that the "costs" component of a Rule 68 offer of judgment in a Title VII case must include reasonable attorney's fees accrued to the date of the offer. *Scheriff v. Beck*, 452 F.Supp. 1254, 1260 (Colo.1978) (offer of $2,200 together with costs, not including attorney's fees, was "fatally defective because it excludes attorney's fees then accrued").

25 The purposes of Title VII and Rule 68 each would be served by this plain-language construction of the relationship between the statute and the Rule. To be sure, Title VII's fee provision was designed to enable plaintiffs to vindicate their rights through litigation. *Piggie Park, supra*, at 401-402, 88 S.Ct., at 965-966. On the other hand, parties to litigation and the public as a whole have an interest—often an overriding one—in settlement rather than exhaustion of protracted court proceedings. Rule 68 makes available to defendants a mechanism to encourage plaintiffs to settle burdensome lawsuits. The Rule particularly facilitates the early resolution of marginal suits in which the defendant perceives the claim to be without merit, and the plaintiff recognizes its speculative nature.1

26 An offer to allow judgment that does not cover accrued costs and attorney's fees is unlikely to lead to settlement. Many plaintiffs simply could not afford to accept such an offer. It may be, also, that the plaintiff's lawyer instituted the suit with no hope of compensation beyond recovery of a fee from the defendant. Such a lawyer might have a conflict of interest that would inhibit encouraging his client to accept an otherwise fair offer. It therefore seems clear that the relevant interests—of both parties and the public—will be served by construing Title VII and Rule 68 in accordance with their plain language.2

II

27 Delta's offer in this case did not comply with the terms of Rule 68.

28 When a plaintiff prevails in a litigated Title VII suit, the court awards a reasonable attorney's fee. The primary factors relevant to setting the fee usually are the time expended and a reasonable hourly rate for that time.3 Thus, a court is not bound by the prevailing attorney's proposed hourly rate or by the bill submitted. The fee itself must be reasonable.

29 The same practice should be followed in Title VII cases in which the prevailing party is established by a Rule 68 offer of judgment. Cf. *Maher v. Gagne, supra*. In such a case, the offer of judgment consists of two components: (i) the substantive relief proposed, which may be a sum of money or specific relief such as reinstatement or promotion, and (ii) costs, including a reasonable attorney's fee. The offer should specify the first component with exactitude. But the amount of the fee is within the discretion of the court if the offer is accepted.4

30 Assessed by these standards, Delta's putative offer of judgment simply did not comply with the terms of Rule 68. In pertinent part, the offer provided:

« up "Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant hereby offers to allow judgment to be ;en against it in this action, *in the amount of $450, which shall include attorney's fees*, together with costs accrued to date" (emphasis added).

32  Delta's offer would have complied with Rule 68—and the company now would be entitled to the costs it seeks5 —if the offer had specified some amount of substantive relief, plus costs and attorney's fees to be awarded by the trial court. But the offer did not so specify.

33  Accordingly, I concur in the result.

34  Justice REHNQUIST, with whom THE CHIEF JUSTICE and Justice STEWART join, dissenting.

35  Of the several remarkable aspects of the Court's opinion in this case, not the least is that, save for the docket number and the name of the case, it bears virtually no resemblance to the judgment and opinion of the Court of Appeals for the Seventh Circuit which we granted certiorari to review. The question presented by the petition for certiorari, albeit in somewhat laborious form, is best captured in the first of the three questions:

36  "Whether the [C]ourt of [A]ppeals erred in nullifying the clear and unambiguous mandatory imposition of costs under Rule 68?" Pet. for Cert. 2

37  The Court states that "[t]he narrow question presented by this case is whether the words 'judgment obtained by the offeree' as used in that Rule should be construed to encompass a judgment *against* the offeree as well as a judgment *in* favor of the offeree." *Ante*, at 348. After reciting the procedural history of the case in the lower courts, the Court criticizes the Court of Appeals for its failure to confront "the threshold question whether Rule 68 has any application to a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror." *Ante*, at 350. The Court's resolution of the case turns on that threshold question and it finds that the answer "is dictated by the plain language, the purpose, and the history of Rule 68." *Ibid.*

38  Though the ultimate result reached by the Court is the same as that of the Court of Appeals, the difference in approach of the two opinions could not be more striking. The Court of Appeals began its opinion by stating that "[t]he issue presented in this appeal is whether the awarding of costs under Rule 68 of the Federal Rules of Civil Procedure is mandatory or discretionary if the *final judgment obtained by plaintiff* is not more favorable than the defendant's offer." 600 F.2d 699, 699-700 (1979) (emphasis supplied). The Court of Appeals relied primarily on the ground that this was a private action under Title VII of the Civil Rights Act of 1964, and it was not willing "to permit a technical interpretation of a procedural rule to chill the pursuit of that high objective." *Id.*, at 701. The court explained that a $450 offer in a case such as this made the semantically mandatory language of Rule 68 discretionary and permitted, but did not require, the District Court to award costs when, "viewed as of the time of the offer along with consideration of the final outcome of the case, the offer can be seen to have been made in good faith and to have had some reasonable relationship in amount to the issues, litigation risks, and expenses anticipated and involved in the case." *Id.*, at 702. The Court of Appeals reasoned that this "liberal" not "technical" reading of Rule 68 is justified, at least in a Title VII case, and that it did not need to decide whether the same approach should be taken in other types of cases. *Ibid.* To the Court of Appeals, the mandatory language of Rule 68, at least in a Title VII case, is only discretionary where the offer is not "reasonable" and in "good faith" (neither of which qualifications are found in Rule 68). But to this Court, the Court of Appeals was entirely in error in even reaching that question because Rule 68 has no applicability to a case in which a judgment is entered *against* the plaintiff-offeree and *in favor of* the defendant-offeror. Totally ignoring the common-sense maxim that the greater includes the lesser, the Court concludes that its answer is "dictated by the plain language, the purpose, and the history of Rule 68."

39  Two of the three reasons advanced by the Court of Appeals in support of its opinion permitting the District Court not to impose costs on respondent in this case are squarely negated by the reasoning of the Court's opinion. The "plain language" of the Rule refers neither to an exception for Title VII cases nor to a requirement that an offer be "reasonable" or made "in good faith."

40  Although Title VII provides for elaborate conciliation machinery before suit, the plaintiff who receives a "right to sue" letter from the EEOC is simply authorized to sue the employer in the appropriate United States district court. There is no intimation in the Federal Rules of Civil Procedure or Title VII that such lawsuit will not be conducted in accordance with the Federal Rules of Civil Procedure. In fact, Rule 1 of the Federal Rules specifically provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity, or in admiralty, with the exceptions stated in Rule 81." Rule 81 sets forth a list of exceptions including bankruptcy proceedings and proceedings in copyright brought under Title 17 of the United States Code, but proceedings brought under Title VII are not included. Presumably, the "plain language" of the Federal Rules and in particular Rule 68, as well as the "plain language" of the applicable provisions of Title VII, would bring the Court to reject any special treatment with respect to costs for a Title VII lawsuit.

41  In my view, there is also no basis for reading into Rule 68 any additional conditions for bringing the Rule into play other than those which are specifically contained in the provisions of the Rule itself. I assume that the Court would agree with this approach in view of its fondness for the "plain meaning" canon of statutory construction. Therefore, the best and shortest response to the Court of Appeals' suggestion that a Rule 68 offer must be "reasonable" and made in "good faith" is that Rule 68 simply does not incorporate any such requirement; it deprives a district court of its traditional discretion under Rule 54 to disallow costs to the prevailing party in the strongest verb of its type

«up own to the English language—"must":

42   'If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *must* pay the costs incurred after the making of the offer. . . ." Fed.Rule Civ.Proc. 68. (Emphasis added.)

43   Over a half century ago the Court of Appeals for the Sixth Circuit said "the word 'must' is so imperative in its meaning that no case has been called to our attention where that word has been read 'may.'" *Berg v. Merchant*, 15 F.2d 990 (1926), cert. denied, 274 U.S. 738, 47 S.Ct. 575, 71 L.Ed. 1317 (1927). To import into the mandatory language of Rule 68 a requirement that the tender of judgment must be "reasonable" or made in "good faith" not only rewrites Rule 68, but also puts a district court in the impossible position of having to evaluate such uncertain and nebulous concepts in the context of an "offer of judgment" that in many cases may have been made years past.

44   Since the Court relies on the "plain meaning" of Rule 68, it may be well to set that Rule out verbatim before analyzing its argument. Rule 68 provides in pertinent part:

45   "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *must* pay the costs incurred after the making of the offer." (Emphasis added.)

46   The Court asserts that the result reached by, if not the reasoning of, the Court of Appeals is correct because Rule 68, by its "plain language," applies only in cases in which a "judgment [is] finally obtained by the offeree." The Rule, therefore, does not apply in a case such as this where the defendant prevailed—*i. e.*, because no judgment was "obtained by the offeree." If Rule 68 does not apply, the determination regarding costs is governed by Federal Rule of Civil Procedure 54(d), which grants a district court the discretion to award the defendant costs as the "prevailing party," but does not require it to do so. The Court argues that the "plain language" of Rule 68, its "history," and "policy" reasons support this interpretation of the Rule.

47   I read both the "plain language" of the Rule and its history quite differently than does the Court. According to it, a plaintiff—"offeree" under the terms of Rule 68—must *win* in the trial court in order to "obtain" a "judgment" within the meaning of that Rule. But we may call upon the various canons of statutory construction to pass before us in review as many times as we choose without being reduced to this anomalous conclusion.

48   The term "judgment" is defined in Rule 54(a) of the Federal Rules of Civil Procedure to mean a "decree and any order from which an appeal lies." Unquestionably, respondent "obtained" an "order from which an appeal lies" when the District Court entered its judgment in this case. Certainly, respondent did not subscribe to the Court's reasoning because she immediately sought review in the Court of Appeals of the "judgment" which had been entered against her. Rule 68, when construed to include a traditional "take nothing" judgment, see, Appendix to Fed.Rules Civ.Proc., Forms 31 and 32, 28 U.S.C.App., p. 530, as well as a judgment in favor of the plaintiff but less than the amount of the offer, thus fits with the remaining parts of the Federal Rules of Civil Procedure pertaining to judgments and orders in a manner in which the drafters of the Rule surely must have intended. To circumscribe Rule 68 in the manner in which the Court does is to virtually cut it adrift from the remaining related portions of the Federal Rules of Civil Procedure, a construction which could be justified only by the strongest considerations of history and policy. Our cases do not support the proposition that such a construction will *never* be given to a rule or statute, but they do indicate that only the strongest support in the legislative history warrants such a result. *Chemehuevi Tribe of Indians v. FPC*, 420 U.S. 395, 95 S.Ct. 1066, 43 L.Ed.2d 279 (1975).

49   I think my reading of this part of Rule 68 is entirely consistent with the Rule's history. When the Federal Rules of Civil Procedure were adopted in 1938, the pertinent part of Rule 68 read:

50   "If the offer is not so accepted it shall be deemed withdrawn and evidence thereof is not admissible. *If the adverse party fails to obtain a judgment more favorable than that offered*, he shall not recover costs in the district court from the time of the offer but shall pay costs from that time." (Emphasis supplied.)

51   Obviously, the event that "triggered" the operation of the original Rule 68 was the failure of the plaintiff to obtain a judgment more favorable than that offered. Just as obviously, the plaintiff in this case did not meet her burden of obtaining a judgment more favorable than the $450 she was offered. The operation of Rule 68 was not intended to change when this part of the Rule was amended in 1948 to its present form. The Advisory Committee Notes to the 1948 amendment explain the reasons for the amendment—none of which give any indication that Congress decided to take away the benefits of the Rule to a defendant who made a Rule 68 offer but later prevailed on the merits.1

52   As noted by the Court, the 1938 Advisory Committee Notes to the original version of the Rule cite to three state statutes as illustrations of the operation of the Rule. These three statutes, like the text of the original Rule 68, all mandated imposition of costs on a plaintiff who rejected an offer of judgment and then later failed to recover a judgment more favorable than the offer.2 This is the identical situation which the plaintiff here finds herself in.

Moreover, in each of these three States, the general statutes providing for recovery of costs by prevailing defendants was, unlike Rule 54(d), mandatory. See, *e. g.*, 4 Mont.Rev.Codes Ann. §§ 9787, 9788 (1935); 2 Minn.Stat. § 9471

« up ason 1927); and N.Y.Civ.Prac.Law §§ 1470-1475 (Thompson 1939). As a result, the state cases cited by the Court not address the situation in which a defendant has prevailed on the merits because in that situation the shifting of costs was mandatory under state law. It is, therefore, difficult for me to understand how it can be argued that Congress, seeking to pattern Rule 68 after the procedure used in these three States, could have possibly intended to immunize plaintiffs from the operation of the Rule and the concomitant costs it imposes simply because they lost their cases on the merits. It is also noteworthy that the lower court cases that have confronted the situation of a prevailing defendant seeking to recover its costs under Rule 68 have all concluded that such recovery is permissible. See *Dual v. Cleland*, 79 F.R.D. 696 (DC 1978); *Mr. Hanger, Inc. v. Cut Rate Hangers, Inc.*, 63 F.R.D. 607 (EDNY 1974); *Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 86 F.R.D. 500 (ND Cal.1980).3

53     Contrary to the view of the Court, I think that Rule 68 and Rule 54(d) are entirely consistent with one another when read in a manner faithful to their actual language; indeed, the language of these Rules must be twisted virtually beyond recognition, and that of Rule 68 parsed virtually out of existence, to say that the latter Rule does not apply in a situation such as this simply because the petitioner prevailed. Rule 54(d) itself contemplates the removal from the trial judge of the discretion of awarding costs when by its express terms it excepts situations where "express provision therefor is made . . . in these rules." It cannot be doubted that the mandatory language of Rule 68 is as clear a case of "express provision" as could be imagined.

54     While I do not think it necessary to address the "policy" considerations relied upon by the Court when the intent of the drafters of the Rule is as plain as it is here, I do think it appropriate to note that no policy argument will convince me that a plaintiff who has refused an offer under Rule 68 and then has a "take nothing" judgment entered against her should be in a better position than a similar plaintiff who has refused an offer under Rule 68 but obtained a judgment in her favor, although in a lesser amount than that which was offered pursuant to Rule 68. The construction of Rule 68 urged by the Court would place in a better position a defendant who tendered $10,000 to a plaintiff under Rule 68 in a case where the plaintiff was awarded $5,000 than where the same tender was made and the plaintiff was awarded nothing.

55     One final argument that has been pressed as a reason for affirmance of the Court of Appeals merits response. Rule 68 requires a party defendant against a claim to serve upon the adverse party "an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, *with costs then accrued.*" A literal reading of the Rule appears to entitle a plaintiff to *all* costs accrued at the time of the offer. If the offer is accepted, the defendant must pay whatever costs the court determines were taxable at the time of the offer. Thus, a valid Rule 68 offer cannot be made if it limits or excludes any of the costs accrued on the date of the offer.

56     It is argued that because "costs" are nowhere defined in the Federal Rules of Civil Procedure it is necessary to look elsewhere to determine the types of costs which are assessable under Rule 68. Title VII does not contain a general definition of the term "costs," but it does specify that a court, in its discretion, shall allow the "prevailing party" a "reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 2000e-5(k). This Court has interpreted this provision to mean that a prevailing plaintiff shall receive her costs "except in unusual circumstances," and we held last Term that a claim to an attorney's fee is not defeated if the plaintiff prevails by "settlement rather than through litigation." *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). Because a Rule 68 offer of judgment is a proposal which by definition stipulates that the plaintiff shall be treated as the prevailing party, as the argument runs, the cost component of Rule 68 in a Title VII case must include a component for plaintiff's reasonable attorney's fees accrued as of the date of the offer. Petitioner's offer in this case under this theory did not technically comply with Rule 68 because it limited the amount of attorney's fees to be recovered by the respondent and thus did not provide for the recovery of all costs accrued at the date of the offer.4

57     This argument, although superficially appealing, does not survive careful scrutiny. Our analysis must focus on the meaning of the word "costs" contained in Rule 68 and we are aided in this analysis by our decision only last Term in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). There we were confronted with the question of whether the word "costs" contained in 28 U.S.C. § 1927 included attorney's fees in the context of a civil rights lawsuit. Section 1927 provides that lawyers who multiply court proceedings vexatiously may be assessed the excess "costs" they create. However, § 1927, like Rule 68, did not define the critical word—"costs." A District Court had concluded that because the civil rights statutes allow a prevailing party to recover attorney's fees as part of the costs of litigation, it was authorized to award attorney's fees as part of the sanction it imposed under § 1927. We rejected this conclusion and in so doing we stated that in construing the term "costs" it was appropriate to look to the contemporaneous understanding of the term when the statute was enacted. We then assumed that Congress followed the recognized "American rule" that attorney's fees were not included within the definition of "costs" when it enacted § 1927. 447 U.S., at 759, 100 S.Ct., at 2460. Without any evidence that Congress wished to alter or amend the definition of "costs" by the passage of the civil rights fee-shifting statutes, 42 U.S.C. §§ 1988 and 2000e-5(k), we were unwilling to expand its historical definition.

58     A conclusion similar to that reached in *Roadway Express* is equally sound here when determining whether "costs" as used in Rule 68 include attorney's fees in the context of a civil rights suit. Certainly, the "contemporaneous understanding" of "costs" when the Federal Rules of Civil Procedure were promulgated in 1938 did not include attorney's fees any more than it did in 1813 when the predecessor to § 1927 was enacted. The legislative history of Rule 68 indicates no intent to deviate from the common meaning of costs and this conclusion is bolstered by the fact that when the authors of the Rules intended that attorney's fees be recovered, such fees were specifically mentioned. See, *e. g.*, Fed.Rule Civ.Proc. 37, which allows "reasonable expenses . . . including attorney's fees," as a sanction for

« up  :covery abuses.

59   There is likewise no evidence of any congressional intent to alter the meaning of the word "costs" in Rule 68 by the passage of the civil rights statutes. Nothing in the fee-shifting provisions of these statutes or their legislative history has come to my attention which would suggest that Congress intended to amend Rule 68 by adding attorney's fees to otherwise taxable "costs" under that Rule.

60   It is also worth noting that the logic that would include attorney's fees as recoverable costs under Rule 68 would also allow a similar recovery of attorney's fees in other litigation under statutes which permit the award of attorney's fees. In 1975, this Court noted in *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141, that 29 statutes allow federal courts to award attorney's fees in certain suits. *Id.*, at 260-261, n. 33, 95 S.Ct. at 1623, n. 33. Some of these statutes define attorney's fees as an element of costs while others separate fees from other taxable costs. To construe Rule 68 to allow attorney's fees to be recoverable as costs would create a two-tier system of cost-shifting under Rule 68. Plaintiffs in cases brought under those statutes which award attorney's fees as costs and who are later confronted with a Rule 68 offer would find themselves in a much different and more difficult position than those plaintiffs who bring actions under statutes which do not have attorney's fees provisions. No persuasive justification exists for subjecting these plaintiffs to differing penalties for failure to accept a Rule 68 offer and no persuasive justification can be offered as to how such a reading of Rule 68 would in any way further the intent of the Rule which is to encourage settlement.

61   Finally, if the term "costs" in Rule 68 includes attorney's fees, then Title VII plaintiffs who reject Rule 68 offers may find themselves in the unenviable position of having to absorb a defendant's attorney's fees if they fail to recover a judgment as favorable as the defendant's offer. This could seriously undermine the purposes behind the attorney's fees provisions of the Civil Rights Act, and yet there is no principled way to allow attorney's fees to be recovered as costs under Rule 68 in *some* Title VII situations while *prohibiting* such recovery in others. As we noted in *Roadway Express* in a similar context, to select on an ad hoc basis those features of § 1988 and § 2000e-5(k) that should be read into Rule 68 would not only fundamentally alter the nature of Rule 68 but would also constitute standardless judicial law-making. Accordingly, in my view the offer made by the petitioner in this case fully complied with the terms of Rule 68 even though it attempted to place a limit on the ultimate amount of attorney's fees to be recovered. Because the "costs" provision in Rule 68 does not encompass attorney's fees, those fees are just as susceptible to compromise and settlement as are other inchoate consequences of liability such as compensatory damages or backpay.5

62   In sum, I would reject the "plain meaning" basis of the Court's opinion interpreting Rule 68 because, in my view, the Rule must be read not only contrary to its "plain meaning" but also woodenly and perversely in order to reach the conclusion that a prevailing defendant who had made an offer pursuant to Rule 68 should be placed in a worse position than one who has lost to the plaintiff and had a judgment entered against him accordingly, but for an amount less than the amount tendered under Rule 68. This is "plain meaning" with a vengeance; a vengeance which neither the Rules Committee, this Court, nor Congress in their various roles in the adoption of the Rules could have contemplated.

63   It may be said that to read the Rule according to its plain meaning as I see it will place barriers in the way of plaintiffs' suing defendants. The short answer to this argument is that any provisions such as Rule 68 designed to promote settlement, rather than litigation, of claims is bound to make a plaintiff take a look at his "hole card." By the same token, the availability of such a procedure is bound to make the defendant take a look at *his* "hole card" in order to make certain that he is using every means available to both avoid costly protracted litigation and possible loss of the case if it goes to trial. The Rule interpreted in accordance with its "plain meaning" offers a defendant a method for preventing further accrual of taxable costs in the case of inflated or "nuisance" lawsuits; if the plaintiff is of the opinion that the offer is too low to be worth acceptance or even serious consideration, he need not even respond to it and the case will, unless settled in some other manner, go to trial. By following such a course, a plaintiff who obtains a judgment in excess of the defendant's Rule 68 offer loses absolutely nothing; a plaintiff against whom a "take nothing" judgment is entered loses only the possibility that a district court might exercise its discretion and not award costs to the prevailing defendant. Although the vast increase in the amount of litigation in this Nation today is not a valid reason for twisting rules or statutes in order to reduce such volume, if the plain meaning of a rule may have a tendency to encourage settlement rather than trial, this is surely not an unfortunate mishap in our system of administering justice.

---

1 Rule 68, as amended in 1966, provides:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party

adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability."

2 The formal offer of judgment submitted by the defendant to the attorney for the plaintiff read as follows:

"Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant hereby offers to allow judgment to be taken against it in this action, in the amount of $450 which shall include attorney's fees, together with costs accrued to date. This offer of judgment is made for the purposes specified in Rule 68, and is not to be construed either as an admission that the defendant is liable in this action, or that the plaintiff has suffered any damage." App. 34.

3 Senior District Judge Hoffman stated:

"While there is little authority on the point, this Court is satisfied that in order to be effective, a Rule 68 offer must be made in a good faith attempt to settle the parties' litigation and, thus, must be at least arguably reasonable.

* * * * *

"If the purpose of the rule is to encourage settlement, it is impossible for this Court to concede that this purpose can be furthered or aided by an offer that is not at least arguably reasonable.

* * * * *

"Finally, while the Court did ultimately find itself constrained to enter its judgment for the defendant, the Court certainly did not find the plaintiff's claim to be wholly specious. In the opinion of this Court and in the particular facts and circumstances of this case, an offer of only the sum of $450 could only have been effective were the plaintiff's claim totally lacking in merit or were there present additional factors which would mitigate in favor of the defendant." *Id.*, at 11-12.

4 "Against that general background, the Rule 68 offer of judgment of less than $500 before trial is not of such significance in the context of this case to justify serious consideration by the plaintiff. At oral argument the defendant urged that even an offer of $10 would have met the requirements of Rule 68 and served the purpose of shifting cost liability. If that were so, a minimal Rule 68 offer made in bad faith could become a routine practice by defendants seeking cheap insurance against costs. The useful vitality of Rule 68 would be damaged. Unrealistic use of the rule would not encourage settlements, avoid protracted litigation or relieve courts of vexatious litigation." 600 F.2d, at 701. (Footnote omitted.)

5 In multiclaim litigation, such a party may, of course, be defending against a counterclaim or a cross-claim, but the effect of the Rule can most readily be explained by reference to cases involving a single claim by one plaintiff against one defendant. For that reason, as well as the fact that this case involves such a claim, we simply refer to the parties as "plaintiff" and "defendant."

6 No issue is presented in this case concerning the amount or the items of costs that defendant seeks to recover.

7 Rule 54(d) provides, in relevant part:

"(d) Costs.

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

8 Advisory Committee's Notes on Fed.Rule Civ.Proc. 68, 28 U.S.C.App., p. 499; 12 C. Wright & A. Miller, Federal Practice and Procedure § 3001, p. 56 (1973); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 68.02, p. 68-4 (1979).

9 This incentive is most clearly demonstrated by the situation in which the defendant's liability has been established "by verdict or offer of judgment"—or perhaps by an admission—and the only substantial issue to be tried concerns the amount of the judgment. In that context, the opportunity to avoid the otherwise almost certain liability for costs should motivate realistic settlement offers by the defendant, and the risk of losing the right to recover costs provides the plaintiff with an additional reason for preferring settlement to further litigation.

10 Delta argues that this additional incentive provided by Rule 68 is taking on increased importance as more district judges, like the District Judge here, are exercising the discretion granted by Rule 54(d) to deny costs to prevailing defendants.

11 Defendant contended at oral argument that a settlement offer of one penny should trigger the cost-shifting

provision of the Rule if the defendant prevails. Tr. of Oral Arg. 5.

12 Defendant argues that our construction of the Rule is anomalous because under Rule 68, a defendant who prevails is in a less favorable position than if he had lost the case but for an amount less than the offer. Reply Brief for Petitioner 10. The argument is applicable, however, only in a narrowly limited category of cases. First, because the prevailing defendant normally recovers costs, the argument is relevant only in the relatively few cases in which special circumstances may persuade the district judge to exercise his discretion to deny costs to the prevailing party. And second, even within that small category, the argument is only valid if the settlement offer is for an amount less than the recoverable costs. For if the plaintiff obtains a judgment for an amount less than the offer but greater than the cost bill, the net liability of the defendant will be greater than the burden of paying his own costs after a victory on the merits. The fact that a defendant may obtain no benefit from a settlement offer for an amount less than his probable taxable costs is surely not a sufficient reason to disregard the plain language of the Rule, or to question its efficacy in motivating realistic settlement proposals in cases in which the defendant recognizes a significant risk that the plaintiff will obtain a judgment.

In sum, the effect of a literal interpretation of Rule 68 is to attach no practical consequences to a sham or token offer by the defendant. Since there is no reason to encourage such token offers, the Rule quite sensibly leaves the parties in the same position after such an offer as they would have been in if no such offer had been made. See n. 21, *infra*.

13 Moreover, because Rule 68 has no application at all to offers made by the plaintiff, the plaintiff may not divest the district judge of his Rule 54(d) discretion by making a sham offer.

14 Defendant also argues that it should be permitted to use Rule 68 to recover costs in this manner because district judges have recently been exercising their discretion to deny prevailing defendants costs in too many cases. Reply Brief for Petitioner 8; Tr. of Oral Arg. 14. Since Rule 68 was promulgated prior to this alleged misapplication of Rule 54(d), it surely was not intended to remedy a problem that had not yet surfaced.

Of course, there really is no reason to assume that district judges are repeatedly abusing their Rule 54(d) discretion. If we make the more probable assumption that they are denying costs to the prevailing party only when there would be an element of injustice in a cost award, the burden of defendant's argument is not only that a special privilege should be granted to defendants but also that its primary effect will be to thwart the administration of justice.

15 See Note, Rule 68: A "New" Tool for Litigation, 1978 Duke L.J. 889, 895:

"An offer by a defendant of ten dollars at the beginning of a difficult and complex case, or of a case based on a novel legal theory, is not likely to produce an early settlement of the case, which is the purpose of the rule. Yet, if the rule is not limited to cases in which the plaintiff prevails, the ten dollar offer will have the effect of assuring that the defendant is awarded practically all of his costs if he prevails, even if there are good reasons why the defendant should not be awarded his costs. This is clearly not the result that the rulemakers envisioned. If interpreted to require that the plaintiff secure at least some relief, the rule would insure that token offers will not be made because nothing would be gained by them. In most cases, the defendant, as the prevailing party, will be entitled to costs under rule 54(d). When the defendant is not so entitled, he ought not be able to employ rule 68 to override the discretion that the court would otherwise have, in order to compel the awarding of costs."

16 Moreover, because the defendant's settlement offer is admissible at a proceeding to determine costs, a defendant could use a reasonable settlement offer as a means of influencing the judge's discretion to award costs under Rule 54(d).

17 12 C. Wright & A. Miller, Federal Practice and Procedure § 3001, p. 56 (1973).

18 One of the members of the Advisory Committee, Robert G. Dodge, indicated at a symposium on the new Rules that the Rule was based on "statutes which are widely prevalent in the states . . . ." American Bar Association, Rules of Civil Procedure for the District Court of the United States with Notes as prepared under the direction of the Advisory Committee and Proceedings of the Institute on Federal Rules, Cleveland, Ohio 337 (1938) (hereinafter Institute on Federal Rules).

19 2 Minn.Stat. § 9323 (Mason 1927) provided:

"At least ten days before the term at which any civil action shall stand for trial the defendant may serve on the adverse party an offer to allow judgment to be taken against him for the sum, or property, or to the effect therein specified, with costs then accrued. If within ten days thereafter such party shall give notice that the offer is accepted, he may file the same, with proof of such notice, and thereupon the clerk shall enter judgment accordingly. Otherwise the offer shall be deemed withdrawn, and evidence thereof shall not be given; and if a more favorable judgment be not recovered no costs shall be allowed, but those of the defendant shall be taxed in his favor."

« up   4 Mont.Rev.Codes Ann. § 9770 (1935) provided:

"The defendant may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof within five days, he may file the offer, with proof of notice of acceptance, and the clerk must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial; and if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but he must pay the defendant's costs from the time of the offer."

N.Y.Civ.Prac.Law § 177 (Cahill 1937) provided:

"Before the trial, the defendant may serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum, or property, or to the effect, therein specified, with costs. If there be two or more defendants, and the action can be severed, a like offer may be made by one or more defendants against whom a separate judgment may be taken. If the plaintiff, within ten days thereafter, serve upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint, and offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If notice of acceptance be not thus given, the offer cannot be given in evidence upon the trial; but, if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time."

[20] See 2 Minn.Stat. §§ 9471-9473 (Mason 1927); 4 Mont.Rev.Codes Ann. §§ 9787, 9788 (1935); N.Y.Civ.Prac.Law §§ 1470-1475 (Cahill 1937).

[21] In each of these States, the general statute providing for recovery of costs by prevailing defendants was, unlike Rule 54(d), mandatory. See, e. g., 4 Mont.Rev.Code Ann. §§ 9787-9788 (1935); 2 Minn.Stat. § 9471 (Mason 1927); N.Y.Civ.Prac.Law §§ 1470-1475 (Cahill 1937). Inasmuch as those statutes did not give trial judges discretion to deny costs to prevailing defendants, the state antecedents of Rule 68 did not perform any cost-shifting function in cases in which the defendant prevailed. In those States—as is true under Rule 68—a sham settlement offer had no practical consequences; it left the parties in the same situation as if no offer had been made. See n. 12, *supra*. Therefore the state offer-of-judgment statutes provide support for the view that Rule 68 applies only to prevailing plaintiffs.

[22] See, e. g., Cal.Civ.Code Civ.Proc. Ann. § 998 (West 1980); *Yeager v. Campion*, 70 Colo. 183, 197 P. 898 (1921); *Wordin v. Bemis*, 33 Conn. 216 (1866); *Prather v. Pritchard*, 26 Ind. 65 (1866); *West v. Springfield Fire & Marine Ins. Co.*, 105 Kan. 414, 185 P. 12 (1919); *Wachsmuth v. Orient Ins. Co.*, 49 Neb. 590, 68 N.W. 935 (1896); *Herring-Hall-Marvin Safe Co. v. Balliet*, 44 Nev. 94, 190 P. 76 (1920); *Hammond v. Northern Pacific R. Co.*, 23 Or. 157, 31 P. 299 (1892); *Sioux Falls Adjustment Co. v. Penn. Soo Oil Co.*, 53 S.D. 77, 220 N.W. 146 (1928); *Newton v. Allis*, 16 Wis. 197 (1862).

[23] See cases cited in n. 22, *supra*; see also *Miklautsch v. Dominick*, 452 P.2d 438 (Alaska 1969); *Brown v. Nolan*, 98 Cal.App.3d 445, 159 Cal.Rptr. 469 (1979); *Schnute Holtman Co. v. Sweeney*, 136 Ky. 773, 125 S.W. 180 (1910); *Watkins v. W. E. Neiler Co.*, 135 Minn. 343, 160 N.W. 864 (1917); *Petrosky v. Flanagan*, 38 Minn. 26, 35 N.W. 665 (1887); *Woolsey v. O'Brien*, 23 Minn. 71, 72 (1876); *Morris-Turner Live Stock Co. v. Director General of Railroads*, 266 F. 600 (Mont.1920); *Margulis v. Solomon & Berck Co.*, 223 App.Div. 634, 229 N.Y.S. 157 (1928); *Smith v. New York, O. & W. R. Co.*, 119 Misc. 506, 196 N.Y.S. 521 (1922); *McNally v. Rowan*, 101 App.Div. 342, 92 N.Y.S. 250, aff'd, 181 N.Y. 556, 74 N.E. 1120 (1905); *Ranney v. Russell*, 10 N.Y.Super. 689, 690 (1854); *Benda v. Fana*, 10 Ohio St.2d 259, 227 N.E.2d 197 (1967); but see *Terry v. Burger*, 6 Ohio App.2d 53, 216 N.E. 383 (1966).

[24] Some commentators assume that the Rule, even when applicable, operates to deny costs to a prevailing plaintiff and not to impose liability for defendants' costs on that plaintiff. Wright and Miller's treatise indicates:

"Rule 68 is intended to encourage settlements and avoid protracted litigation. It permits a party defending against a claim to make an offer of judgment. If the offer is not accepted, and the ultimate judgment is not more favorable than what was offered, the party who made the offer is not liable for costs accruing after the date of the offer.

"This device was entirely new to the federal courts when the Federal Rules were adopted in 1938. But it was familiar in state practice. And the general principle, that a party may be denied costs when he sues vexatiously after refusing an offer of settlement, and *recovers no more than he had been previously offered*, has been held to be within the powers of an equity court regardless of the existence of a rule such as this one.

"Although the privilege of an offer of settlement is extended only to the party defending against a claim, it furnishes a just procedure to all parties concerned. It is fair to the claimant because *it does the defending party no good to make an offer of judgment that is not what the claimant might reasonably be expected to recover*; he will not free himself of the costs if the judgment recovered is more than the offer. It is certainly fair to the defending party because it allows him to free himself of the court costs by offering to make a settlement. It is of great benefit to the court because it encourages settlements and discourages vexatious suits and thus diminishes the burden of litigation." (Footnotes omitted.) (Emphasis supplied.) 12 C. Wright & A. Miller, Federal Practice

and Procedure § 3001, p. 56 (1973).

Moore uses similar language in his treatise, stating that an offer of judgment will "operate to *save* [the defendant] the costs from the time of that offer *if the plaintiff ultimately obtains a judgment less than the sum offered.*" 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 68.06, p. 68-13 (1979) (emphasis supplied). See also Dobie, The Federal Rules of Civil Procedure, 25 Va.L.Rev. 261, 304, n. 195 (1939) ("[I]f the offer is not accepted, it, of course, relieves the offering defendant of the burden of future costs, thereby constituting an inducement to the making of such offers").

25 Mr. Dodge stated:

"This rule is based upon statutes which are widely prevalent in the states, and it affords a means for stopping the running of costs *where the defendant admits that part of the claim is good* but proposes to contest the balance. He may then make an offer of judgment of the amount which he conceives is due, and unless the plaintiff recovers more than that the plaintiff gets no costs accruing after that offer of judgment." Institute on Federal Rules 337 (emphasis supplied).

26 The Advisory Committee's Notes state:

"It is implicit, however, that as long as the case continues whether there be a first, second or third trial—and the defendant makes no further offer, his first and only offer will operate to save him the costs from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered. In the case of successive offers not accepted, the offeror is saved the costs incurred after the making of the offer which was equal to or greater than the judgment ultimately obtained." 28 U.S.C.App., p. 499.

27 It was not until 1974 that any federal court even suggested that Rule 68 could be interpreted to apply to a case in which the defendant

prevails. See *Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.,* 63 F.R.D. 607 (E.D.N.Y.1974).

Apart from the case at bar and *Mr. Hanger, Inc.,* there are only two other reported cases in which a defendant attempted to recover his own costs under Rule 68 after obtaining a judgment in his favor. In *Dual v. Cleland,* 79 F.R.D. 696 (D.C.1978), the court followed *Mr. Hanger* and reluctantly granted defendant an award of costs under Rule 68, after stating that it would *not* have allowed costs to defendant as the prevailing party under Rule 54(d). In *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30,* 86 F.R.D. 500, 503-504 (N.D.Cal.1980), the court assumed that Rule 68 applied to prevailing defendants but refused to apply the Rule to impose costs on the named plaintiffs in a Title VII class action. The court noted that if Rule 68 applied in class actions, the disproportionate risk imposed on the class representatives would discourage the filing of Title VII suits.

All the other reported cases involving Rule 68 were either cases in which the plaintiff had prevailed or cases in which the court implicitly assumed that the Rule was limited to such a situation. See, *e. g., Mason v. Belieu,* 177 U.S.App.D.C. 68, 75, 543 F.2d 215, 222 (plaintiffs not awarded costs because they failed to file a bill of costs and defendant thus did not know which costs to object to as being incurred after the offer was made), cert. denied, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976); *Home Ins. Co. v. Kirkevold,* 160 F.2d 938, 941 (CA9 1947) (plaintiff still entitled to recover costs where defendant did not prove that its offer of judgment was served within 10 days of trial); *Truth Seeker Co. v. Durning,* 147 F.2d 54, 56 (CA2 1945) ("[D]efendant could have stopped the running of further costs by an offer of judgment under F.R.C.P. 68"); *Cover v. Chicago Eye Shield Co.,* 136 F.2d 374 (CA7) (defendant not liable for fees of master and court reporter where plaintiff recovered less than offer), cert. denied, 320 U.S. 749, 64 S.Ct. 53, 88 L.Ed. 445 (1943); *Staffend v. Lake Central Airlines, Inc.,* 47 F.R.D. 218, 220 (ND Ohio 1969) (a defendant may "escape the imposition of further costs where the plaintiff does not eventually secure a judgment exceeding the offer"); *Tansey v. Transcontinental & Western Air, Inc.,* 97 F.Supp. 458, 459 (DC 1949) (an offer that was not for a sum certain will not prevent the court from considering plaintiff's costs thereafter incurred); *Maguire v. Federal Crop Ins. Corp.,* 9 F.R.D. 240, 242 (WD La. 1949) (defendant cannot "escape" paying the plaintiff's costs because offer was not properly formalized), aff'd in part and rev'd in part, 181 F.2d 320 (CA5 1950); *FDIC v. Fruit Growers Service Co.,* 2 F.D.R. 131, 133 (ED Wash. 1941) (after taxing certain disputed costs against defendant, court noted that the costs could have been avoided by taking advantage of Rule 68); *Nabors v. Texas Co.,* 32 F.Supp. 91, 92 (WD La. 1940) (a defendant may "save himself in the matter of costs if the recovery does not exceed what was tendered" if he proves that he made an offer of judgment). See also *Scheriff v. Beck,* 452 F.Supp. 1254 (Colo.1978); *Waters v. Heublein, Inc.,* 485 F.Supp. 110 (N.D.Cal.1979).

1 Unfortunately, the cost of litigation in this country furthered by discovery procedures susceptible to gross abuse—has reached the point where many persons and entities simply cannot afford to litigate even the most meritorious claim or defense. See Amendments to the Federal Rules of Civil Procedure, 446 U.S. 995, 999-1001 (1980) (POWELL, J., with whom STEWART and REHNQUIST, JJ., joined, dissenting); *ACF Industries, Inc. v. EEOC,* 439 U.S. 1081, 1086-1088, 99 S.Ct. 865, 868-869, 59 L.Ed.2d 52 (1979) (POWELL, J., dissenting from denial of certiorari); Janofsky, A.B.A. Attacks Delay and the High Cost of Litigation, 65 A.B.A.J. 1323, 1323-1324 (1979). Cf. *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1650, 60 L.Ed.2d 115 (1979).

2 In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), we held that the term "costs," as it is used in 28 U.S.C. § 1927, does not incorporate by reference the definition of costs used in Title VII. Nothing in that case is inconsistent with my reasoning here. In *Roadway Express*, a party sought costs, including an attorney's fee, under § 1927 from opposing counsel who had unreasonably and vexatiously delayed an employment discrimination lawsuit. We concluded that the attorney's fee could not be recovered under § 1927, because Congress intended that section to include only those costs specified in a corresponding section, 28 U.S.C. § 1920. In this case, by contrast, the entitlement to "costs," including an attorney's fee, arises under Rule 68 of the Federal Rules of Civil Procedure. In approving the Federal Rules, Congress appears to have incorporated the definition of costs found in the substantive statute at issue in the litigation. Cf. Fed.Rule Civ.Proc. 54(d).

3 In *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (1976) (en banc), the Court of Appeals for the Third Circuit held that the primary determinant of a court-awarded fee—the "lodestar"—should be the amount of time reasonably expended on the matter multiplied by a reasonable hourly rate. The "lodestar" is subject to adjustment based on, *inter alia*, the quality of the work and the results obtained. *Id.*, at 117-118; accord, *Furtado v. Bishop*, 635 F.2d 915, 920-924 (CA 1 1980); *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 403-404, 641 F.2d 880, 893-894 (1980) (en banc). Cf. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (CA 5, 1974).

4 It may be, of course, that the parties will settle the issue of costs and attorney's fees after the acceptance of the offer, without the need to involve the trial judge. Nothing in this opinion should be read to discourage that practice. But the terms of the offer of judgment must permit the prevailing plaintiff to request the trial judge to award a reasonable fee.

5 Contrary to the suggestion in Justice REHNQUIST's dissenting opinion, *post*, at 378-379, nothing herein requires prevailing *defendants* to receive attorney's fees as part of their costs under Rule 68 when a plaintiff rejects an offer of judgment and then ultimately loses on the merits. As I have stated, it is the province of the trial judge to determine the entitlement to, and amount of, an attorney's fee. See n. 3, *supra*, and accompanying text. Prevailing plaintiffs are entitled to attorney's fees except in unusual circumstances. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401-402, 88 S.Ct. 964, 965-966, 19 L.Ed.2d 1263 (1968). A prevailing defendant, on the other hand, is entitled to attorney's fees as part of the costs only when the lawsuit is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

1 The 1948 amendment to Rule 68 added the following two sentences:

"If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer." The Advisory Committee Notes explain that the two new sentences were added to assure "a party the right to make a second offer where the situation permits—as, for example, where a prior offer was not accepted but the plaintiff's judgment is nullified and a new trial ordered, whereupon the defendant desires to make a second offer." Advisory Committee Notes on Amendment to Rules of Civil Procedure, 28 U.S.C.App., pp. 499-500, 5 F.R.D. 433, 483 (1946); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 68.01, p. 68-3 (1979). The change in the language of the Rule had nothing to do with whether or not it was intended to operate in a situation where the defendant prevailed.

2 The Minnesota statute referred to by the 1938 Advisory Notes, 2 Minn.Stat. § 9323 (Mason 1927), provided:

"At least ten days before the term at which any civil action shall stand for trial the defendant may serve on the adverse party an offer to allow judgment to be taken against him for the sum, or property, or to the effect therein specified, with costs then accrued. If within ten days thereafter such parties shall give notice that the offer is accepted, he may file

the same, with proof of such notice, and thereupon the clerk shall enter judgment accordingly. Otherwise the offer shall be deemed withdrawn, and evidence thereof shall not be given; *and if a more favorable judgment be not recovered no costs shall be allowed, but those of the defendant shall be taxed in his favor.*" (Emphasis supplied.)

The Montana statute, 4 Mont.Rev.Codes Ann. § 9770 (1935), provided:

"The defendant may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accept [sic] the offer, and give [sic] notice thereof within five days, he may file the offer, with proof of notice of acceptance, and the clerk must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial; *and if the plaintiff fail [sic] to obtain a more favorable judgment, he cannot recover costs, but he must pay the defendant's costs from the time of the offer.*" (Emphasis supplied.)

The New York Statute, N.Y.Civ.Prac.Law § 177 (Thompson 1939), provided:

« up  "Before the trial, the defendant may serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum, or property, or to the effect, therein specified, with costs. If there be two or more defendants, and the action can be severed, a like offer may be made by one or more defendants against whom a separate judgment may be taken. If the plaintiff, within ten days thereafter, serve [sic] upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint, and offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If notice of acceptance be not thus given, the offer cannot be given in evidence upon the trial; but, *if the plaintiff fail [sic] to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time.*" (Emphasis supplied.)

---

3It should be noted that the commentators on which the Court relies so heavily either do not support its position or simply fail to address it. Contrary to its suggestion, Wright and Miller's treatise assumes that Rule 68 operates in a manner that would allow a prevailing defendant the benefits of the Rule. Their treatise provides: "If the offer is not accepted, *and the ultimate judgment is not more favorable than what was offered,* the party who made the offer is not liable for costs accruing after the date of the offer." 12 C. Wright & A. Miller, Federal Practice and Procedure § 3001, p. 56 (1973) (emphasis supplied). Thus, Wright and Miller envisioned that costs would be shifted unless the plaintiff recovered a judgment more favorable than the offer—a hurdle that respondent here was unable to clear.

---

4The actual text of the offer made by the petitioner to the respondent in this case reads in pertinent part as follows:

"Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant hereby offers to allow judgment to be taken against it in this action, in the amount of $450, which shall include attorney's fees, together with costs accrued to date."

---

5The nearly 100 Rules of Federal Civil Procedure have numerous and often differing purposes, but it bears repeating that the purpose behind Rule 68, which this case involves, is to promote *settlement* and thereby diminish the number of trials necessary to resolve the cases which are filed in the federal courts. Were we to hold that attorney's fees were *not* subject to settlement and compromise (in the same way as the issues of liability, damages, and other remedies) as a part of a Rule 68 offer, we would frustrate the purpose of this Rule. The defendant would be put in the unenviable position of having to make an offer of judgment without knowing what his potential liability in terms of attorney's fees would be over and above the amount of the Rule 68 offer. While traditional "costs" can never be known to a certainty at the time of the making of a Rule 68 offer, knowledgeable counsel for both defendant and plaintiff can assess at least their order of magnitude. Attorney's fees, however, are a different breed of cat, not only because they can be extraordinarily extensive compared to traditional items of costs, but also because neither the plaintiff nor the defendant can know with any degree of certainty how much of the attorney's fees a prevailing plaintiff seeks will be allowed by a trial court exercising its discretion pursuant to Rule 54. Thus to hold that such fees were by definition open-ended and not subject to compromise would mean that an attorney representing a defendant and convinced that an offer pursuant to Rule 68 might well result in a settlement of the case if attorney's fees *were* subject to settlement and compromise could never confidently persuade his client that it would be in the client's best interest to make such an offer because he would of necessity have to advise the client in cases where attorney's fees are recoverable that such recovery would be over and above the amount of the Rule 68 offer. Such a caveat in the attorney's recommendation will most likely prove to deter the client from making a Rule 68 offer in the first place, with the result that fewer suits will be settled and more will be tried. Such a construction of Rule 68, therefore, hardly furthers the purposes behind the Rule.



CC0 | TRANSFORMED BY PUBLIC.RESOURCE.ORG